On Rehearing.
By tl\e WHOLE COURT.
OVERTON, J.
While John J. Gannon was crossing the tracks of the New Orleans Railway & Light Company, in his automobile, at the corner of Rendon and Canal streets, in the city of New Orleans, one of the cars operated by the i'ailway company ran into Gannon’s automobile, knocking it some distance. The unfortunate occurrence resulted in injuring Gannon severely, and in damaging the automobile considerably. Because of the injuries sustained by him, Gannon instituted this suit' against the railway company and its bondsman, the National Surety Company, for the sum of $27,107.60, alleging, as his cause of action, that the car, which ran into the automobile, was being dangerously, negligently, and unlawfully operated at the time of the accident; that the motorman made no attempt to apply the brakes timely, and, if he did, that the attempt, on account of the excessive speed of the ear, was a failure; that the car was an old one; that its brakes were of old style, and not suited for use at the speed at which the car was being propelled; arid that the National Surety Company, having signed, as surety, the bond required of the. railway company by the ordinances of the city of New Orleans, is liable as surety on said bond to the full extent of the damage sustained by him on account of said accident.
The railway company, through its receiver, answered by denying negligence on its part, and by averring substantially that plaintiff’s chauffeur, who was driving the automobile at the time of the accident, attempted to cross the tracks, used for the operation of its cars, when one of the cars was so near the crossing that it made it dangerous to go on the tracks, and that plaintiff’s injuries were due to the carelessness of his chauffeur, whose negligence, it is averred, is imputable to plaintiff. The defense of the National Surety Company, in so far as it is necessary to notice it, is the same as that of the railway company.
Some time after the filing of the suit, Gannon died. His testamentary executor has been substituted as party plaintiff.
The accident occurred on the afternoon of October 31, 1918. Gannon was driving on Canal street, in the direction of the Cemeteries. When he reached a point between North Lopez and North Rendon streets, he concluded to return, and so notified his chauffeur, who, on reaching North Rendon street, turned the automobile to cross to the upper side of Canal street; but, as the chauffeur saw a train, consisting of a car and a trailer, near the middle of the block, coming in from Spanish Fort, he stopped the automobile, near the neutral ground, at the crossing, about 16 feet from the outbound track, to permit the train to pass. At that time there was a Villere street car, running in an opposite direction from the incoming Spanish Fort train, on its way, on the outbound track, to begin its run on Villere street. The moment the Spanish Fort train passed, Gannon’s chauffeur attempted to cross the tracks. As he was crossing the outbound track, which was the nearer of the two tracks to him, the Villere car ran into the automobile, and knocked it some 50 feet distant. Gannon, as stated, was severely injured, and the automobile was seriously *445 damaged. The chauffeur escaped with only comparatively slight injuries.
The street car, at-the time of the accident, was being propelled at an excessive speed; though not so much so as to show a reckless disregard for human life, still the speed at which it was being operated showed negligence on the part of the railway company. The motorman testifies that he sounded the gong, when the danger appeared, and did what he could to stop the car and avoid the accident. His failure to have at least checked'the ear sufficiently to have avoided the accident was due, we think, to the excessive speed at which he was operating it. Gannon, at the time of the accident, was absorbed in thought, and knew but little more concerning what occurred than the fact that his automobile, while crossing the tracks, was struck by a street car, which resulted in injuring him and in damaging his automobile. His chauffeur, however, testified that after he had stopped to permit the Spanish Fort train to pass, and before he started to cross, he looked io see whether a car was approaching. on the outbound track, hut neither saw nor heard one coming, and that he therefore attempted to cross.
The chauffeur seeks to account for his failure to see the approaching Villere car by pointing out that there were obstacles that obstructed his view. The record discloses that there were obstacles on the neutral ground, consisting of a light post, a tree, a tall palm, and an oleander bush; still these obstacles were not so located, nor were the branches of the tree, or the foliage of the palm, so low as to entirely obstruct the view; and in our opinion, had the chauffeur made an ordinary effort to ascertain whether a car was approaching the crossing on the outbound track, he would have observed the Villere car nearing the crossing, and would have seen the danger in attempting to cross.
We therefore conclude that the chauffeur was at fault in attempting to cross at the time that he made the attempt, and that while the railroad company was also at fault, yet, as the fault of the chauffeur, who was Gannon’s servant, supervened and brought about the accident, Gannon cannot recover. Heebe v. New Orleans & C. Railroad, Light & Power Co., 110 La. 970, 35 South. 251; Dewez v. Orleans R. Co., 115 La. 432, 39 South. 433; Dubose v. New Orleans Ry. & Light Co., 123 La. 1029, 49 South. 696.
For the reasons assigned, it' is ordered, adjudged, and decreed that the verdict of the jury and the judgment appealed from be and the same are hereby annulled and set aside, and it is now ordered that plaintiff’s demand be rejected at the .costs of his succession in both courts.
LAND, J., dissents.
ROGERS, J., dissents, being of opinion that judgment appealed from should be reduced to $5,000 and, as thus amended, should be affirmed.